IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEN CHONG SHU )<br>    Plaintiff )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, )<br>    Defendant. ) | C.A.No. 03-409 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the instant case be dismissed due to Plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff, an inmate currently incarcerated at the Clinton County Correctional Facility in McElhattan, Pennsylvania, filed this lawsuit pursuant to the Federal Tort Claims Act on December 15, 2003.

By Order of this Court dated January 11, 2006, Plaintiff's pre-trial statement was due on January 31, 2006. To date, Plaintiff has failed to file his statement.

By Order issued February 2, 2006, Plaintiff was directed to show cause before February 10, 2006, for his failure to file the pre-trial statement. The Order warned that Plaintiff's failure to respond would result in the dismissal of his case for failure to prosecute. To date, Plaintiff has failed to respond.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4)

whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary steps to prosecute this case. Further, Plaintiff has repeatedly ignored orders of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: February 21, 2006